In the Matter of the Application of THE CITY OF NEW YORK, Acting Through the Commissioner of Docks, Relative to Acquiring Lands Situated Along the Northerly Shore of Jamaica Bay in the Boroughs of Brooklyn and Queens between Byrne Place and the Long Island Railroad, for the Improvement of the Water Front, etc. (Parcel 10.)

MARY E. GORMAN, Individually and as Executrix, etc., of FERDINAND GUNDERMANN, SR., Deceased, FRANK GUNDERMANN and HOWARD GUNDERMANN. Appellants; MARGARETHA GUNDERMANN, Respondent.

Second Department, July 2, 1937.

*Frederick Hamisch,* for the appellants.

*William R. Rust,* for the respondent.

HAGARTY, J.   This appeal presents the question of law as to whether or not the incidents of a tenancy by the entirety survive the death of one of the owners, in this case the husband, after the taking of property in condemnation, the making of damage awards, and the entry of judgment for the awards.   The learned Special Term has held that they do and, by the order under review, has directed the cancellation by the comptroller of the city of New York of the warrants made by him in payment of the awards, drawn in the joint names of the husband and wife during the lifetime of both, and has directed that they be paid to the surviving wife, Margaretha Gundermann, the respondent here.   The facts are not in dispute.

Title to real property held in the names of Ferdinand Gundermann and Margaretha Gundermann, his wife, vested in the city of New York, by virtue of this proceeding, on the 11th day of November, 1924.   A final decree was entered on the 23d day of May, 1935, awarding damages to the property owners, and on the 24th day of May, 1935, judgment in favor of the owners for the amounts of their awards was entered.   Thereafter, and on the 6th day of March, 1936, warrants for the amounts of said awards, with interest, payable to Ferdinand Gundermann and Margaretha

Gundermann, were made available for delivery by the department of finance of the city of New York. However, before the delivery of the warrants, and on the 3d day of April, 1936, Ferdinand Gundermann died, leaving him surviving his widow, the respondent here, and five children. The decedent left a will, which was admitted to probate on the 13th day of October, 1936, and letters testamentary were issued to Mary E. Gorman, a daughter, an appellant here.

The widow claims the entire amount of the awards by right of survivorship, while the estate claims a one-half interest in them on the theory that, at the time of death, the awards were personal property. There are no authorities in the appellate courts of this State determining the precise question, but there are certain general rules of law bearing on it in some of its aspects and which must be recognized.

The general rule governing the disposition of awards made for real property taken for public use, whether held by one person or by joint tenants, treats it as personal property (*N. Y. C. & H. R. R. R. Co.* v. *Cottle,* 229 N. Y. 514) and provides that such damages do not go to the devisee of the property, under the will of the owner or owners, but that it becomes a part of the residuary estate. (*Ametrano* v. *Downs,* 170 N. Y. 388. See, also, *King* v. *Mayor, etc., of N. Y.,* 102 id. 171, and *Matter of Reubel,* 191 id. 524.)

The rights of husband and wife in property held by them as tenants by the entirety differ materially, however, from any other tenancy. They were settled in *Hiles* v. *Fisher* (144 N. Y. 306). It was there written (ANDREWS, Ch. J.): "The grand characteristic which distinguishes a tenarcy by the entirety from a joint tenancy is its inseverability, whereby neither the husband nor the wife, without the assent of the other, can dispose of any part of the estate so as to affect the right of survivorship in the other. (1 Bl. 182; Wash. on Real Prop. 425.) Each is said to be seized of the whole estate, and they do not take by moieties, and the reason assigned in the old books for this anomalous characteristic of this estate is the legal unity of the husband and wife, and the incapacity of the wife to hold a separate and severable estate in lands under a joint conveyance to both." Invoking that authority (*Hiles* v. *Fisher, supra*), WILLARD BARTLETT, Ch. J., in *Matter of Klatzl* (216 N. Y. 83), in a concurring opinion, wrote that "The only substantial difference between such a tenancy and a joint tenancy is that the tenancy cannot be severed except by their [husband and wife's] joint consent."

Unless, for the purpose of adjusting the equities of the parties to this proceeding by recognizing the continuance of the incidents

of the original holding, we hold that the awards here involved were constructively real property at the time of the death of the husband, the surviving wife is not entitled to the whole proceeds of the award. (*Matter of Baum*, 121 App. Div. 496; *Matter of Blumenthal*, 236 N. Y. 448.) In those cases invoked by the appellants, the husband and wife conveyed real property held by them as tenants by the entirety, and took back purchase money mortgages, payable to both. It was held in each that, by the sale, the estate by the entirety was terminated, and for it there was substituted a mortgage, which is personal property, and as to which the rule of tenancy by the entirety does not apply. In the *Blumenthal* case the intention of the parties was regarded as an essential element, and it was written: " The ownership which they had in the bond and mortgage was not dependent upon the piece of property that was given as security but upon the wording of the instrument." Here the difference is apparent at once. ₁ The land was taken from the respondent and her husband for a public use without the consent of either, and no question of intention is involved in the transaction which resulted in the awards. If, indeed, any intention is to be presumed, it is that the creation of the original tenancy indicated that the incidents of that tenancy were to be perpetuated in the proceeds of the taking — standing in the place of the real property so taken.

In *Utter* v. *Richmond* (112 N. Y. 610) the application of an award to extinguish a deficiency judgment resulting from the foreclosure of a mortgage, which mortgage was a lien on the property at the time the damages were awarded, was questioned. The award was for injury to a lot caused by the closing of a road on which it fronted. It was held that the award was properly applied, since the lien of the mortgage extended to and embraced so much of the award as was needed for the purpose of paying the deficiency and that, quoting from the opinion (p. 613), " No doctrine could be more clearly just than that, when land is taken for public use, the damages awarded are to take the place of the land in respect to all the rights and interests which were dependent upon and incident to it."

*Matter of City of New York* (*Cropsey Ave.*) (268 N. Y. 183) involved an inchoate right of dower in real property taken in a condemnation proceeding. An interest entitled to protection was recognized in the wife, which interest attached to the land as soon as there was a concurrence of dower and seizin. It was there written that " The damages awarded take the place of the land and the fund thus created becomes a substitute for the real property taken. (*Utter* v. *Richmond*, 112 N. Y. 610, 613.) "

In *Matter of Seventh Avenue* (59 App. Div. 175), while this court, in effect, held that an award is a personal claim, that it does not attach to the land and passes with it only when it is apparent that the owner so intended, it was said: " An award is not land, and is only treated as land in equity when necessary to adjust the rights of the parties. An award is a claim or right personal to the owner of the land."

My opinion is that the tenancy by the entirety was not destroyed by the taking of the property for a public use under the power of eminent domain, and that the right of survivorship continues in the proceeds until paid. Therefore, the respondent wife became the sole owner of the awards at the time that her husband died. That rule, however, applies only to the principal of the awards and not to the interest which accrued after the taking and before the death of the husband, since each tenant by the entirety is entitled to one-half the usufruct (*Hiles* v. *Fisher, supra*), which in this case is the accumulated interest. Therefore, one-half of such interest passes to the appellant as the representative of the estate of the deceased.

The resettled order should be modified by directing that the comptroller cancel the warrants drawn by him and that warrants be drawn in the name of Margaretha Gundermann for the amounts of the original awards, together with one-half the interest, and to the order of the estate of the deceased for an amount equal to one-half the interest, and as so modified affirmed, without costs.

DAVIS, JOHNSTON and CLOSE, JJ., concur; ADEL, J., dissents.

Resettled order modified by directing the comptroller of the city of New York to cancel the warrants drawn by him and that warrants be drawn in the name of Margaretha Gundermann for the amounts of the original awards, together with one-half the interest that accrued after the taking and before the death of the husband, and to the order of the estate of the deceased for an amount equal to one-half such interest, and as so modified affirmed, without costs.