John H. Farnham, J.
Defendant moves to dismiss plaintiff’s complaint on the grounds that it fails to state facts sufficient to constitute a cause of action. The plaintiff and defendant, wife and husband respectively, were owners as tenants by the entirety of certain real property with improvements thereon located at R. D. Middleville, New York. They also were owners and holders of a standard fire insurance policy issued by Niagara Fire Insurance Company, Policy No. 5135. It appears that the said policy of fire insurance was in full force and effect when fire occurred on the said premises of the designated parties, wherein and whereby the dwelling house on said premises was totally destroyed. Plaintiff and defendant wife have been separated for some time.
The defendant, Elsie Fenner, is a mortgagee holding a mortgage on the said premises. A short time after the fire, the plaintiff and defendants made and executed their notice of claim to the fire insurance company for the sum of $12,500, which was the total insurance in effect upon said destroyed premises under said policy. Some time thereafter the said insurance company issued its draft payable to William Hawthorne, Edith Hawthorne and Elsie Fenner, they being all of the parties in their named capacities to this action, and as the apparent assureds in such capacities under the policy.
Now it appears that the defendant husband refuses to indorse the check and plaintiff has brought this action seeking injunctive and other relief.
The basic and main question at issue is the disposition and ownership of the proceeds of the said insurance company check in the amount of $12,500.
The defendant contends on this motion by way of his memorandum that the proceeds of the insurance check stand in the *510 place and stead of the subject matter of the insurance policy which was the dwelling house in question and the question" immediately, therefore, is raised as to whether one tenant by the entirety as a matter of right can claim half the proceeds of a fire insurance settlement resulting when a part of the tenancy is destroyed by fire. This being so, it is obvious that the entirety as to that portion of the tenancy destroys the right of survivor-ship. Counsel has stated that apparently this situation is one of first impression in our State, and the court inclines such a possible situation. There are cases, however, in numbers which may resolve our situation by analogy, some of which are helpful. The related cases do not seem to be uniform or imminently clear. However, this court believes that the basic rule in New York appears to be that where a tenancy by the entirety exists, it cannot be destroyed by an ‘ ‘ involuntary conversion ’ such as obviously exists in the instant ease. This has been held to be the rule in mortgage foreclosure proceedings. (Germania Sav. Bank v. Jung, 18 N. Y. S. 709; Stretz v. Zolkoski, 118 Misc. 806.) Also the same rule seems to obtain with reference to awards made in condemnation cases. (Matter of City of New York [Jamaica Bay], 252 App. Div. 103.)
The court is aware of the rule enunciated in the case of Franklin Square Nat. Bank v. Schiller (202 Misc. 576). It believes, however, that that case is against the weight of authority in New York State. While the tenancy here technically may not be one of entirety, it is so constructively and will be treated as such. It appears to the court that the key to our situation is the lack of volition on the part of the plaintiff wife and defendant husband in the instant case. We must assume that the fire was an act of God, as it were, and the parties certainly did not desire to have the insurance policy or its proceeds replace the destroyed structure. Once established, it is not easy for the parties to destroy a tenancy by the entirety. The methods of termination of a tenancy by the entirety or joint tenancy are generally well known, some of which are voluntary, others involuntary. We do not have either methods of such termination in the instant case.
It is true that the Franklin Square Nat. Bank case (supra) holds that with respect to surplus moneys arising from the foreclosure action in that case, the husband and wife are tenants in common since there can be no tenancy by the entirety with respect to personal property. However, the leading authorities in New York also hold that there may be a joint tenancy in personal property with the right of survivorship. (Matter of *511 Blumenthal, 236 N. Y. 448; Scutella v. County Fire Ins. Co., 231 App. Div. 343, 346.)
Mr. Justice Crouch: in writing for the court in this Bcutella case for the Fourth Department, which resulted in an unanimous finding, stated as follows: f ‘ While in this State there is no such thing as an estate by the entirety in personal property, there may be a joint ownership analogous thereto, at least so far as survivorship is concerned.” (Citing Overheiser v. Lackey, 207 N. Y. 229, 236; Matter of Blumenthal, 236 N. Y. 448, 453, supra.) The learned Justice in the Scutella case also stated in referring to the reformed policy, which was a fire insurance policy, the subject matter in that case, in referring to the words, “ ‘ as tenants by the entirety ’ — may, we think, be taken as evidencing an understanding between all parties to the policy that the husband and wife were to be jointly [italics mine] interested in any proceeds and hence in any right of action to recover-them.”
Certainly there can be no doubt but that the subject matter remaining in the real property owned by the plaintiff and defendant, wife and husband, continues to be held and owned by them as tenants by the entirety and to hold that a part of a tenancy as between husband and wife should be held as tenants by the entirety, to wit: the remainder of the property after loss by the fire; and the balance of the tenancy, to wit, the proceeds resulting from the fire loss, be held by them as tenants in common without voluntary act on their part would present an anomalous situation never anticipated by the parties when the original tenancy was.created, and which this court would have great difficulty in reconciling and accepting.
The court believes that involuntary conversion is the rule or the measure to be applied to eases of this type and when applied to the facts at hand, it can admit to only one result, that is that the entirety relationship continues from the destroyed structure into the proceeds of the fire insurance policy which have replaced the structure. The defendant’s motion to dismiss the complaint, therefore, is granted and order may be submitted accordingly.