Burke, J.
The question presented is whether the proceeds of a standard fire insurance policy insuring the interest of plaintiff wife and defendant husband as tenants by the entirety of real property must be divided at the demand of one of the owners or are impressed in equity with the inseverable quality of the ownership of the realty against whose loss they are payable.
The unity of person of husband and wife by reason of which we have entireties in realty is only an historical and not a functional explanation and itself gives no clue to the relationship that ought properly to obtain between the owners of the proceeds of insurance of such an interest. But if we must take the nature of the estate these parties had in the realty as we find it, so must we take the rule that there can be no holding by the entirety in personalty (Matter of Albrecht, 136 N. Y. 91; Matter of McKelway, 221 N. Y. 15; Matter of Blumenthal, 236 N. Y. 448). Both the proceeds and the contract under which they were paid are personal property (Brownell v. Board of Educ., 239 N. Y. *84 369, 374; Galante v. Hathaway Bakeries, 6 A D 2d 142, 149). Since personalty cannot be held by the entirety this- ends the question as far as a legal estate or title is concerned unless equity demands exact equivalence in both quantity and quality of ownership in all cases resembling “ involuntary conversion.” Special Term, as affirmed by the Appellate Division, has so held in dismissing the complaint.
. Respondent and the courts below rely on the rule applied in Matter of City of New York (Jamaica Bay) (252 App. Div. 103) in which a condemnation award for real property held by the entirety was made during the life of both owners but the husband died before payment thereof. The Appellate Division held that the wife was entitled to the full award by right of survivorship on the ground that the involuntary conversion from real property to an award of personal property should not affect the right of survivorship in the substituted res. Although this decision dealt solely with the right of survivorship, the continued existence of which would not bar the relief sought here *, there is dictum in this court which would indicate that the quality of inseverability also subsists in circumstances similar to the Jamaica Bay case. In Matter of Goodrich v. Village of Otego (216 N. Y. 112, 116) Judge Pound remarked that, where a parcel abutting a street was owned by the entirety, damages payable by reason of a change in the grade of the street “ should be paid into court and retained until death terminated the tenancy and then paid to the survivor, the income meanwhile being divided equally between them. ’ ’
Without passing on the question raised by the dictum in the last-cited case, we believe that the insurance proceeds in *85 dispute here are not the result of an involuntary conversion within the meaning of the cases relied upon by respondent. Unlike those cases neither these proceeds nor the right thereto are the result of an operation of law upon the extinguishment or diminution of an estate in real property. These proceeds have been paid pursuant to a personal contract of insurance entered into between these parties and the insurance company. Although it is quite true that this case is similar to the condemnation cases in respect to the involuntary character of the loss of the realty held by the entirety, mere involuntary loss is but one side of the coin and does not suffice to support the analogy suggested by respondent. In the condemnation cases the forced conversion from realty to personalty was fully involuntary. The involuntary loss was also the legal source of the new res. Here, while the loss was the occasion of the issuance of the now disputed draft, neither the draft nor the right thereto springs from the involuntary loss. It is not a substituted res as in the condemnation cases. It is not involuntary conversion. If the insurance proceeds are the logical substitute of anything they are the fruit of the insurance contract and the premiums paid under it. In sum, while the loss was involuntary, the draft is not a substitute forced on the parties equally involuntarily; it is the product of their voluntary contractual act and is held by them in the same way as any personal property voluntarily acquired. In this regard this case is more like Matter of Blumenthal (236 N. Y. 448, supra) in which a wife and the estate of her husband disputed the ownership of a purchase-money bond and mortgage taken back by the husband and wife on the sale of real property held by them as tenants by the entirety. In holding that the husband and wife took the bond and mortgage as tenants in common, this court said (p. 453): “To say that ‘ the mortgage took the place of the real estate,’ as was said in the Kennedy case [Matter of Kennedy, 186 App. Div. 188], is merely to jump at a conclusion. Such could be said about a mortgage given in part payment if it covered other property than that sold or could likewise be said about any security given in payment. True it would take the place of the real estate as a possession of like value but not necessarily of' like ownership. Estates *86 by entirety are peculiar to real estate. No such thing exists, except by analogy, as to personal property. (Matter of Albrecht, 136 N. Y. 91; Matter of McKehvay, 221 N. Y. 15.) ”
Here, as in the Blumenthal case, the nature of the tenancy by which the husband and wife held the insured property is a mere incident, absent a dispute over the quantity of the parties’ interests. While in a certain sense the proceeds take the place of the building destroyed by fire, as we noted in Blumenthal, it is only in the sense of a thing of like value, secured through a personal contract, and not necessarily of like ownership.
It must not be forgotten that we approach the question presented in this case with the sensible rule that an inseverable tenancy is not recognized in this State as a legitimate mode of holding personal property. Entireties in real property became established at a time when realty was not a subject of commerce; it was the subject of possession and use by the owners. The quality of inseverability was, therefore, no great embarrassment to the full realization of the benefits of ownership of real property as it was then enjoyed. Putting aside the change in the use of realty, it is incontrovertible that a decision that ties up money, allowing only division of interest, is a serious impediment to its enjoyment. Therefore, since it is only by analogy that the incidents of a tenancy by the entirety may apply to personal property (Matter of Albrecht, 136 N. Y. 91, supra), considerations of policy and common convenience reinforce the applicability of the reasoning of the Blumenthal case.
Germania Sav. Bank v. Jung (18 N. Y. S. 709) and Stretz v. Zolkoski (118 Misc. 806) deal with surplus moneys after mortgage foreclosures and do not furnish a close analogy to this case. Moreover, indications therein that a tenancy by the entirety exists in such surplus moneys is answered by the reasoning in Franklin Sg. Nat. Bank v. Schiller (202 Misc. 576) holding to the contrary.
The complaint states a good cause of action for compulsory division of the proceeds of the insurance policy. • Accordingly, the judgment appealed from should be reversed, without costs, and the matter remitted to the Supreme Court for further proceedings not inconsistent with this opinion.
*87 Chief Judge Desmond and Judges Dye and Foster concur with Judge Burke; Judge Fuld concurs in result; Judges Van Voorhis and Scideppi dissent and vote to affirm.
Judgment reversed, without costs, and matter remitted to Special Term for further proceedings not inconsistent with the opinion herein.

 Admitting the right -of survivorship arguendo (Scutella v. County Fire Ins. Co., 231 App. Div. 343) only indicates that the proceeds of the insurance policy are held jointly. Absent the quality of inseverability unique to a holding by the entirety, joint ownership with right of survivorship is no barrier to a sale of the interest of one of the joint owners which destroys the reciprocal right of survivorship (Matter of Suter, 258 N. Y. 104; Matter of Polizzo, 308 N. Y. 517) and, accordingly, no barrier to invoking the power of equity to compel the indorsement and division of a jointly owned draft where it appears that the parties are uniaible to enjoy the benefits of a joint holding (Cooper v. Cooper, 225 Ark. 626; Loker v. Edmans, 204 App. Div. 223; Rush v. Rush. 144 Misc. 489).