Oscar Murov, J.
This is an action to recover a sum of money paid to the defendant James T. Moran as the proceeds of a collision policy, to which the plaintiff, Patricia Moran, asserts her claim.
The following shall constitute the court’s findings of facts after trial:
The plaintiff and defendant James T. Moran are husband and wife who are separated and parties to a separation agreement. One of the terms of said agreement provides for Mr. Moran to transfer a Triumph automobile to the plaintiff. That was accomplished, the defendant Moran admits, by signing the reverse side of the registration and giving it to his attorney, who subsequently gave it to plaintiff’s counsel and finally to the plaintiff. At the time of transfer of the car, the vehicle was insured for liability and comprehensive property damage by Aetna Insurance Company through the office of John J. Flynn, Inc., an insurance agency.
Plaintiff contends that the premium was paid by the husband out of the proceeds of a joint account. After the parties were * separated and after the transfer of the car, plaintiff was involved in an accident, and the vehicle was completely demolished to the extent of $1,405. The plaintiff notified the office of John J. Flynn that she was involved in an accident and the report was then forwarded to Aetna by Flynn, who indicated that the plain-' tiff was the owner of the vehicle. Subsequently, the defendant Moran with knowledge of the fact that he had transferred the vehicle to his wife, prepared an application to the New York State Department of Motor Vehicles for a lost registration certificate. When he obtained it he delivered it to Aetna who *386 paid him the sum of $1,400 and some odd dollars. It appeared that subsequently the defendant Moran called at the John J. Flynn office to pick up the check. Mr. Flynn, who was qualified as an insurance expert, indicated that under the policy both husband and wife were covered, but because of the fact that the subjects presently were separated, plaintiff was not covered.
The following constitute the findings of law:
It must be said in defendant Flynn’s behalf, that at the time of the accident, the defendant James T. Moran was the “ named insured ” on the policy and that said automobile was still registered with the Bureau of Motor Vehicles under the name of defendant, James T. Moran. No testimony was given at the trial to prove a conspiracy between the defendants; nevertheless, there is a claim by the plaintiff that the defendant Flynn failed to protect her interest. The court is unable to view Flynn’s conduct as an abdication of his responsibility to plaintiff, especially since it was he who forwarded plaintiff’s claim to the carrier and indicated to the carrier that plaintiff was the vehicle’s owner.
Plaintiff cites a recent decision of the Appellate Division in the First Department quoting a headnote thereof as follows: “ Cause of action for ‘ money had and received ’ — in effect action on contract implied in law — arises when acts of parties or others have placed money in defendant’s possession under such circumstances that in equity and good conscience he should not retain it, and which in justice and fairness belongs to another.” (Schreibman v. Chase Manhattan Bank, 15 A D 2d 769, 224 N. Y. S. 2d 977).
In the reported case, the complaint alleged that the plaintiffs were the owners of shares of stock which were turned over to a stockbroker for sale with the understanding that the proceeds would be paid to the plaintiffs. The stock was sold and the moneys representing the proceeds were deposited in the broker’s account in the defendant bank. The complaint further alleged that the moneys were deposited by the broker with knowledge on the part of the bank that the true ownership thereof was in the plaintiffs and that subsequently the defendant bank applied the fund to itself in satisfaction of a loan theretofore made by it to thé broker. The court indicated that if the facts as alleged were proven, the defendant could be guilty of converting funds belonging to the plaintiff and that based upon the facts alleged, the plaintiffs sufficiently alleged a cause of action for money had and received.
*387 Plaintiff in the within action may likewise prevail provided, however, that as a matter of law, it is established that the policy proceeds belong to her.
That plaintiff had a sufficient insurable interest both at the time of the policy’s inception and at the time of the loss cannot be disputed. She was owner at the time of the loss and suffered pecuniary damage therefrom (Insurance Law, § 148). “A wife who has a pecuniary or beneficial interest in a husband’s property, or would suffer some disadvantage from its loss, also has an insurable interest therein.” (30 N. Y. Jut., Insurance, §761, p. 112).
‘c The term ‘ named insured ’ as used in an automobile liability policy, usually means the person in whose name the policy is issued and also includes his spouse if a resident of the same household. Thus defined, the above term must be distinguished from the term ‘ insured ’ and it has been held that while the unqualified term ‘ insured ’ includes not only the named insured but such other persons as are protected by the omnibus clause, the words ‘ named insured ’ refer only to the person specifically designated upon the face of the contract.” (30 N. Y. Jur., Insurance, § 1225; see, also, Fertig v. General Acc. Fire & Life Assur. Corp., 171 Misc. 921; Standard Sur. & Cas. Co. of N. Y. v. Maryland Cas. Co., 199 Misc. 658). Thus, while a wife may be considered as included within the meaning of “named insured ” in a liability policy while she is resident within the same household (Crilley v. Allstate Ins. Co., 18 A D 2d 1012), no authority has been presented for such a construction with respect to a policy for indemnification for property damage.
Plaintiff does not appear to be a party to the insurance contract. “ While a third party may recover in certain circumstances upon a contract made by others for his benefit (Seaver v. Ransom, 224 N. Y. 233), yet to give a third party, who may derive a benefit from the performance of the promise, an action, there must be, first, an intent by the promise to secure some benefit to the third party.” (Fertig v. General Acc. Fire & Life Assur. Corp., 171 Misc. 921, 926, supra.)
The court is most reluctant to find in favor of the defendant Moran in this action. With knowledge that he had previously transferred ownership of the vehicle to the plaintiff and had no insurable interest therein at the time of the loss, he fraudulently made application to the Department of Motor Vehicles to replace a lost registration. Plaintiff has no standing to object, since only the insurer can raise the objection of want of insurable *388 interest (Wagner v. Gaudig & Blum Corp., 223 App. Div. 254, 259).
Plaintiff has not offered the insurance contract into evidence when she could have done so. Had this been done, it might have been established upon a reading of the policy that the terms thereof provided for the plaintiff to be covered thereby as a “named insured” within its extended meaning in the event ownership was transferred to her and loss occurred. She does not establish she is entitled to the proceeds under the terms of the contract, hence the action, whether for conversion or for moneys had and received must fail.
Judgment in this action is rendered for the defendants, but the matter shall be referred to the District Attorney to investigate whether or not criminal prosecution may be instituted against the defendant Moran, for the acts of the defendant alleged and admitted herein.