Emmett J. Schnepp, J.
Petitioner instituted this proceeding pursuant to section 104 of the Social Services Law to recover from respondents the proceeds remaining from the settlement of a fire insurance claim resulting from the destruction of their home. The respondents, husband and wife, owned the real property as tenants by the entirety. After making payment of other claims from the insurance proceeds a balance in the amount of $1,669 remains. Respondents and their seven children have been full recipients of public assistance since February, 1966 to the extent of approximately $46,000 and the current monthly grant is in the amount of approximately $642. The respondents contest the relief sought by petitioner claiming their right to utilize this balance of the proceeds from the fire insurance to make a deposit toward the purchase of real property for use as their home. It is stated that the monthly carrying charge on such a financed purchase would be less than the rent allotment included in their monthly grant of public assistance. It appears unlikely that the respondents will be fully self-supporting because of health and other problems. It is respondents’ contention that these insurance *992 proceeds retain the character of real property and that they are entitled to use this sum toward the purchase of substitute real property.
Under the holding of the Court of Appeals in Hawthorne v Hawthorne (13 NY2d 82) the insurance contract and the proceeds paid under it are personal property and would thus be subject to recovery by petitioner under the law. (Social Services Law, § 104, subd [1]) Although the Hawthorne case disposed of the question as to the nature of the proceeds, it was pointed out by the court that equity may demand "exact equivalence in both quantity and quality of ownership in all cases resembling 'involuntary conversion.’ ” The issue for determination then is whether as a matter of justice and equity the remaining proceeds of the insurance policy received as a result of the "involuntary conversion” arising from the destruction of the home should be treated as real estate in place of the home. (Matter of Mullin, 121 Misc 867.) It is felt that respondents should be given an opportunity to use the balance of the insurance proceeds, so recovered, to replace the real property destroyed, in order to encourage self-sufficiency on their part and under conditions that will, at the same time, protect the petitioner and permit it to recover a portion of the assistance granted to the respondents. Pursuant to a prior order of the court the balance of the proceeds is being held by Benjamin Phelosof, as trustee, pending the determination of this issue by the court.
It is directed that the respondents as husband and wife shall have the opportunity to contract for the purchase of real property with title to be taken in their names as tenants by the entirety for use as a home by them and their dependents provided the contract for the purchase thereof shall be closed prior to September 1, 1975. The balance of the proceeds from the fire insurance policy and interest shall be paid by trustee at the time of closing to be applied by the respondents solely to the purchase price of the said real property. The foregoing direction is upon the condition that the carrying charges for any such real property; including principal, interest, taxes and insurance shall not exceed the amount of the rent included in their current social services monthly budget and that at the time of closing respondents shall execute and deliver to the petitioner a second bond and mortgage in an amount equivalent to the sum paid by trustee on closing. Continuing jurisdiction is retained by the court to supervise the transaction and *993 to insure full compliance with the provisions of this determination. In the event the respondents fail to conclude the transaction for the purchase of such real property on the conditions stated herein by September 1, 1975, the trustee shall pay the said sum of $1,669 and interest to petitioner.