NATIONAL BANK AND TRUST COMPANY OF NORWICH, Plaintiff, v HELENE A. RICKARD, Appellant; BLIND WORK ASSOCIATION, INC., et al., Respondents.

Third Department, April 28, 1977

*Robert R. Clobridge* for appellant.

*Hinman, Howard & Kattell (Howard M. Rittberg* of counsel), for Blind Work Association, Inc., respondent.

*Wiggins, Tsapis, Holmberg & Gersh (Dirk A. Galbraith* of counsel), for Estate of Elizabeth N. Cannon, deceased, respondent.

SWEENEY, J. We are here concerned with an application seeking confirmation of a Referee's report in a mortgage foreclosure action. The facts are not in dispute. J. Leland Rickard and his wife, Helene, were the owners as tenants by the entirety of a parcel of real property which was mortgaged to the plaintiff bank. The property was sold in foreclosure, resulting in substantial surplus moneys. About two months after the sale the husband died. A few weeks thereafter the Referee filed his report. The wife and creditors of the husband interposed competing claims to the surplus fund.

The question presented for our determination is whether the surplus money remained constructively real property held by the husband and wife as tenants by the entirety or became personal property held by them as tenants in common.

It is the wife's position that since they owned the real property as tenants by the entirety the same ownership attaches to the proceeds of the sale and she, therefore, is entitled to the fund. The creditors take a contrary position and maintain that the fund is personal property and held in common and, therefore, they are entitled to one half. The Referee agreed with the creditors' contention. Special Term confirmed and this appeal ensued.

As a starting point, we are confronted with the generally accepted principle that estates by the entirety are recognized only in real property *(Matter of McKelway,* 221 NY 15). It is true, however, that there are some exceptions to the rule. We have also examined the many decisions giving inconsistent treatment to this issue and are of the view that the Court of Appeals in *Hawthorne v Hawthorne* (13 NY2d 82) stabilized the law when it articulated certain guiding principles governing this perplexing question. In *Hawthorne* the court was concerned with the distribution of the proceeds of a fire insurance policy issued to a husband and wife covering property owned by them as tenants by the entirety. The court distinguished between the ownership of such a fund from the ownership of a fund realized from the condemnation of real property as was presented in *Matter of City of New York (Jamaica Bay)* (252 App Div 103) relied upon by appellant. The court found the critical distinction to be the fact that in the condemnation process the conversion from realty to person-

alty is fully involuntary whereas in the fire insurance case, although the loss of the realty is involuntary, the creation of the personalty, the fund, results from the voluntary act of the parties in purchasing the fire insurance. The court concluded such a fund, voluntarily created, was personal in nature and controlled by the "sensible rule that an inseverable tenancy is not recognized in this State as a legitimate mode of holding personal property" *(Hawthorne v Hawthorne,* 13 NY2d 82, 86, *supra).* We are of the view that the same reasoning and result applies in the instant case. Here the giving of the mortgage, the vehicle which authorized the sale, was a voluntary act of the husband and wife and the authorized sale merely an incident in producing the fund. Furthermore, in *Hawthorne v Hawthorne (supra),* the court indicated a similar result as to surplus moneys in a foreclosure sale stating that indications in previous cases "that a tenancy by the entirety exists in such surplus moneys is answered by the reasoning in *Franklin Sq. Nat. Bank v Schiller* (202 Misc 576) holding to the contrary" (13 NY2d, at p 86). The order, therefore, should be affirmed *(Mojeski v Siegmann,* 87 Misc 2d 690; 15 NY Jur, Domestic Relations, § 154).

The order should be affirmed, without costs.

KOREMAN, P. J., KANE, MAHONEY and LARKIN, JJ., concur.

Order affirmed, without costs.