■ EDWARD E. SHOREY, Appellant, v MERCHANTS MUTUAL INSURANCE COMPANY, Respondent.—In an action to recover for a fire loss under a contract of insurance, plaintiff appeals from an order of the Supreme Court, Westchester County, entered April 10, 1979, which (1) denied his motion to dismiss the first four affirmative defenses asserted in the defendant's answer and (2) granted the defendant's cross motion to dismiss the complaint to the extent of directing the plaintiff to serve an amended complaint in which his wife is joined as a party plaintiff, if she consents to joinder, or to serve an amended complaint naming his wife as a party defendant if she refuses to join. Order modified, on the law, by (1) deleting therefrom the provision which granted the cross motion to the extent of directing the plaintiff to serve an amended complaint joining his wife and substituting therefor a provision denying the cross motion, and (2) deleting the provision which denied plaintiff's motion in its entirety and substituting therefor a provision granting the motion as to the first defense and otherwise denying the

motion. As so modified, order affirmed, without costs or disbursements. The plaintiff, whose home is owned by his wife and himself, was issued a homeowner's policy by the defendant which, among other things, insured the property against fire loss. Plaintiff's name appeared on the policy as "Named Insured" but the policy also covered the plaintiff's wife as an "Insured". After the home was destroyed by fire on September 10, 1977, the plaintiff individually brought this action to recover on the policy. The first question before us is whether the plaintiff's wife is a party who should be joined under CPLR 1001 (subd [a]) which provides: "Necessary joinder of parties. (a) Parties who should be joined. Persons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant." The defendant argues that Mrs. Shorey should be joined because her rights in the property destroyed by the fire could be inequitably affected. In directing the plaintiff to join his wife, Special Term noted that she is an "Insured" within the meaning of paragraph No. 8 of the "General Conditions" of the insurance contract, which provides, in pertinent part: "When used in this policy the following definitions apply: a. 'Insured' means (1) the Named Insured stated in the Declarations of this policy; (2) if residents of the Named Insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any Insured". To determine whether the plaintiff's wife is a person who ought to be joined, it is necessary to define Mrs. Shorey's interest in the action. In our opinion, her interest is tangential and derivative at best. While Mrs. Shorey is an "Insured" under the policy, she is not a "Named Insured". The two terms are not synonymous (see, generally, *Moran v Moran,* 74 Misc 2d 384, 387). A reading of the insurance contract indicates that under it, an "insured" is merely someone whose person and property are covered by the policy in specified ways. It is the "Named Insured" who owns the policy and is its beneficiary under the section protecting against fire loss. The relevant "Loss Payable Clause", for example, provides: "Loss, if any, shall be adjusted with the Named Insured and shall be payable to him unless other payee is specifically named hereunder." Mrs. Shorey has no direct interest in either the policy or in its proceeds under the terms of the contract. Whether Mrs. Shorey has some claim to the proceeds of the policy by virtue of her ownership interest in the real property is a question that does not appear to be settled in New York. In *Hawthorne v Hawthorne* (24 Misc 2d 508, affd 12 AD2d 990, revd 13 NY2d 82), the spouses were co-owners of the insurance policy as well as tenants by the entirety of the real property (see 24 Misc 2d at p 509), and the court specifically focused on the quality of the parties' ownership and not the quantity (13 NY2d at p 86). While the case is not on point, certain dicta contained in it suggest that the insurance contract itself should control the interests of the parties in the proceeds. Thus, the Court of Appeals stated (13 NY2d at pp 85-86): "Here, while the loss was the occasion of the issuance of the now disputed draft, neither the draft nor the right thereto springs from the involuntary loss. It is not a substituted *res* as in the condemnation cases. It is not involuntary *conversion. If the insurance proceeds are the logical substitute of anything they are the fruit of the insurance contract and the premiums paid under it.* In sum, while the *loss* was involuntary, the draft is not a substitute forced on the parties equally involuntarily; it is the product of their voluntary contractual act and is held by them in the same way as any personal property voluntarily acquired.

* * * Here, as in the *Blumenthal* case *[Matter of Blumenthal,* 236 NY 448], the nature of the tenancy by which the husband and wife held the insured property is a mere incident, absent a dispute over the quantity of the parties' interests. While in a certain sense the proceeds take the place of the building destroyed by fire, as we noted in *Blumenthal,* it is only in the sense of a thing of like value, secured through a personal contract, and not necessarily of like ownership." (Emphasis supplied.) The one sister State that seems to have considered the point has held that a husband who recovers on a policy owned by him which covers property held by the entirety, recovers for the benefit of the estate and that his wife is entitled to half of the proceeds *(Carter v Continental Ins. Co. of N. Y.,* 242 NC 578). It should be noted that in *Carter,* the insurance carrier paid the amount due on the policy into court and the plaintiff's wife was substituted as a defendant by consent of the parties. The subject matter of this action is the insurance policy and any proceeds payable under it. The defendant does not argue that Mrs. Shorey, as an insured, has any direct claim against the carrier or that she would have standing to bring an action to recover for a fire loss on her own account should her husband fail to recover. Therefore, this case is easily distinguishable from *Mechta v Scaretta* (52 Misc 2d 696), upon which Special Term relied. In *Mechta,* both husband and wife entered into a contract to purchase a home and the husband alone brought an action to recover the down payment. His wife's interest was immediate since she was a party to the contract and could sue on it if her husband lost. No such danger is present here. Mrs. Shorey has no interest in the subject matter of the action and any claim she may have to the proceeds will not mature until the fund exists. This is not to say that Mrs. Shorey would not be permitted to join in the action if she sought to do so, but her interests are not so direct or immediate that the plaintiff cannot prosecute this action without her. The second issue concerns plaintiff's motion pursuant to CPLR 3211 (subd [b]) to dismiss certain affirmative defenses. The first challenged defense alleges that the building and its contents were owned jointly by the plaintiff and his wife and that therefore the plaintiff's interest cannot exceed one half. These allegations do not state a defense. Insofar as the plaintiff and his wife own property by the entirety, the plaintiff has an ownership interest in the whole thereof (cf. *Matter of Reister v Town Bd. of Town of Fleming,* 18 NY2d 92, 95; *Kahn v Kahn,* 43 NY2d 203, 206-207). Although the policy also covers personalty and some of it may be owned jointly or solely by the plaintiff's wife, a husband may have an insurable interest in property owned by his wife and his right of recovery may extend beyond his legal rights in property owned jointly or by another (see Insurance Law, § 148; *Rohrbach v Germania Fire Ins. Co.,* 62 NY 47, 53-54; *Insurance Co. of North Amer. v Seaboard Homes,* 51 Misc 2d 486). Since the plaintiff's recovery is not necessarily controlled by his ownership interest in the real or personal property, the defendant's first defense should be dismissed. Plaintiff challenges the other defenses as being "insufficient in law"; he does not challenge the defenses on their merits and does not deny the material allegations contained therein. In examining the second, third and fourth affirmative defenses, we conclude that a viable defense can be discerned in each of them and that they are sufficient to withstand the plaintiff's motion (see, generally, *Guggenheimer v Ginzburg,* 43 NY2d 268, 274-275). Damiani, J. P., O'Connor, Lazer and Margett, JJ., concur.