OPINION OF THE COURT
William H. Keniry, J.
This is a motion by the defendants Bankers Trust Company of Albany, N. A. and John S. Bartlett, Jr., as executors of the last will and testament of George W. Canaday, deceased, and Margaret Canaday to confirm a Referee’s report and to disburse the surplus money in accordance therewith. The motion is opposed by the defendant Virginia A. Snyder.
This is a surplus money proceeding following the foreclosure and sale of real property located in the City of Saratoga Springs. The property was originally owned by Virginia A. Snyder and her husband Frederick H. Snyder as tenants by the entirety and was mortgaged by them in 1972 to the Adirondack Trust Company. On December 23, 1975, three separate judgments were docketed in Saratoga County and became liens against the real property.[1] Two of the judgments in the sums of $11,627.83 and $13,796.50, respectively, were against both Frederick and Virginia Snyder. The third in the sum of $27,934 was against Frederick Snyder only. The judgment creditor in each judgment was the estate of George W. Canaday represented by his executors. In one judgment, Margaret Canaday was an additional judgment creditor.
In 1976, Frederick Snyder obtained a bankruptcy discharge and his one-half interest in the real property was sold by the bankruptcy trustee to defendant LaPointe.[2] Virginia Snyder obtained a bankruptcy discharge in 1983. Thus, both Frederick Snyder and Virginia Snyder have been relieved of any personal liability for the outstanding judgments. The Adirondack Trust Company commenced a foreclosure action in 1984 which culminated in a judgment of foreclosure and a judicial sale on July 31, 1985. The Referee’s report of the sale was filed on August 31, 1985 reflecting a surplus of $49,777.82 which was deposited with the Saratoga County Treasurer. Shortly thereafter, the State Tax Commission and Virginia *161 Snyder filed notices of claim to the surplus. An order confirming the Referee’s report was subsequently entered on January 2, 1986. Virginia Snyder, by notice of motion served February 25, 1986, moved for an order pursuant to RPAPL 1361 for the appointment of a Referee to ascertain the amount due her or any other party and to ascertain the priority of the lienholders to the surplus. The judgment creditors at issue filed notices of claim to the surplus on February 28, 1986. The court thereafter appointed a Referee who, following a hearing, filed his report with the court. The Referee, in essence, concluded that the three judgments filed on behalf of the estate of George Canaday and Margaret Canaday were entitled to priority over the equity of redemption claim of Virginia Snyder. The Referee rejected any claim to the surplus filed on behalf of the State Tax Commission.
The defendant Virginia Snyder now objects to the court’s confirmation of the Referee’s report upon the ground that the surplus money should be considered the personal property of the owner of the equity of redemption because the judgment creditors’ liens given priority were not enforceable. The objectant contends that the three judgments lapsed on December 23, 1985, 10 years after they were docketed. The objectant argues that since the judgments were not judicially extended they lost their priority to the surplus moneys since no formal claims to the surplus were filed prior to their 10-year anniversary. The objectant argues that the three judgment liens, by virtue of her bankruptcy discharge, cannot be enforced against her share of the equity of redemption since that asset now constitutes her personal property. No other party has appeared on this motion.
For the reasons detailed below, the objections of Virginia Snyder are rejected and the report of the Referee dated September 24, 1986 is confirmed as modified.
It has been established that surplus money resulting from the foreclosure of real property held by mortgagors as tenants by the entirety is considered personal property (National Bank & Trust Co. of Norwich v Rickard, 57 AD2d 156). However, it is equally established that such surplus money is not "a general asset of the owner of the equity of redemption but stands in place of the land for all purposes of distribution among persons having vested interests or liens upon the land” (First Fed. Sav. & Loan Assn. of Rochester v Brown, 78 AD2d 119, 123, appeal dismissed 53 NY2d 939). A lien existing against the real property at the time of the sale is transferred *162 to the surplus money (Nutt v Cuming, 155 NY 309; Federal Land Bank of Springfield v United States of Am., 21 AD2d 936).
The objectant does not contest the fact that the three judgments were valid liens on the property at the time of the foreclosure sale and thereafter on the resulting surplus money but centers her argument on the fact that the liens expired prior to judicial confirmation of the Referee’s report of sale and prior to the filing of formal notices of claim by the judgment creditors. There is judicial precedent to support her argument that a valid lien to a surplus must exist at the time a formal claim to the surplus is asserted (Walker v Carroll, 123 Misc 712; see, 15 Carmody-Wait 2d, NY Prac, Mortgage Foreclosure §§ 92:428, 92:433).
However, the court finds that the judgment creditors’ notices of claims, although filed after December 23, 1985, were timely and thus preserved their rights to share in the surplus money. RPAPL 1361 (1) does not mandate that a person claiming surplus money must file a written claim before the report of sale is confirmed; the statute uses the permissive term "may”. RPAPL 1355 (2) likewise imposes a three-month stay during which a motion to confirm is prohibited. The Appellate Division, Third Department, has expressly held that the 10-year statutory period for judgment liens is extended during the time that a judgment creditor is stayed from enforcing his judgment (Federal Land Bank of Springfield v United States of Am., 21 AD2d 936, supra). The judgment creditors could not enforce their judgments in this case until the Referee’s report was confirmed and the three-month delay is properly considered a stay (Federal Land Bank of Springfield v United States of Am., supra). The notices of claim filed on February 28, 1986 were timely and the judgment creditors’ liens to the surplus money have been effectively preserved.
The court has reviewed the Referee’s findings of fact and conclusions of law and, with the exception of one clarification, agrees with his prioritization of the claims. The Referee correctly concluded that both judgments entered against Frederick and Virginia Snyder should be satisfied first from the surplus.[3] In the event that any surplus then remains, such remainder should be divided into two equal shares. One share represents Virginia Snyder’s equity of redemption and must go directly to her. The final share will be used to satisfy the *163 third judgment of $27,934 which is only entered against Frederick Snyder. Since this is not a joint judgment, only one half of the surplus reflecting the husband’s equity of redemption can be properly applied to satisfy this lien (see, National Bank & Trust Co. of Norwich v Rickard, 57 AD2d 156, supra). Any surplus remaining from this second share belongs to Mark S. Hopkins as the successor-in-interest to Frederick Snyder’s equity of redemption.[4]
The final issue to be addressed is the court’s assessment of a fee to be awarded to the Referee. In an affidavit submitted to the court, the Referee has expended 14% hours in fulfilling his responsibilities and incurred disbursements of $8.90. It is apparent to the court that the Referee has performed his duties with diligence and dedication as reflected by his detailed and comprehensive report. Based upon his efforts and his experience as an attorney, the court will set his fee at $1,000 plus his disbursements.
The motion of the defendants Bankers Trust Company of Albany, N. A. and John S. Bartlett, Jr., as executors of the last will and testament of George W. Canaday, and Margaret Canaday is granted, without costs, and the Referee’s report dated September 24, 1986 is confirmed as modified.

. Two earlier judgments filed by the State Tax Commission are not relevant to the issues raised on this motion.

. LaPointe conveyed his interest in the property to defendant Hopkins in 1983.

. Subject only to the payment of any court-awarded fee to the Referee.

. Contrary to the request of Virginia A. Snyder, this proceeding is not the proper forum to litigate any claim she may possess against her cotenant for the expenses incurred in maintaining the property.