Catherine **ARRED**, Plaintiff,

v.

**UNITED STATES of America and General Accident Insurance Company, Ralph Arred, Metropolitan Adjustment Bureau, Inc., the Dime Savings Bank of New York, FSB, and New York State Department of Taxation and Finance, Defendants.**

**No. 92 Civ. 0979 (TPG).**

United States District Court, S.D. New York.

Aug. 31, 1993.

Charles Haydon, Dublirer, Haydon, Straci, New York City, for plaintiff.

Katherine Staton, Asst. U.S. Atty., U.S. Attys. Office, S.D.N.Y., New York City, for U.S.

Frank A. Weg, Weg and Myers, P.C., New York City, for Metropolitan Adjustment Bureau, Inc.

Judith Zerden, Asst. Atty. Gen., Office of NY State Atty. Gen., NY State Dept. of Law, New York City, for NY State Dept. of Taxation and Finance.

## OPINION

GRIESA, Chief Judge.

This is an action about conflicting claims to the proceeds of a fire insurance policy on plaintiff's home, which burned. After the Internal Revenue Service levied on these proceeds, plaintiff Catherine Arred brought this action against the United States and the insurance company, General Accident, alleging wrongful levy. Subsequently, the following defendants have been added: Ralph Arred, plaintiff's husband; Metropolitan Adjustment Company, the adjuster of the insurance claim; The Dime Savings Bank of New York, the holder of a mortgage on the burned premises; and the New York State Department of Taxation and Finance, which is asserting a state tax claim.

Plaintiff moves for summary judgment. The United States, the New York Department of Taxation, and Metropolitan Adjustment Bureau cross-move for summary judgment.

The issues in the case can be determined on the basis of the present motion. There are no triable issues of fact. Plaintiff's motion is denied. The cross-motions are granted to the extent of the specific rulings contained herein.

Although Dime Savings Bank was brought into the action, no relief is now being asked by or against Dime. The action is dismissed as to Dime.

There are two basic issues in the case. The first relates to the amount of tax liabilities of the Arreds to the Federal Government and to New York State. The second relates to the question of whether the insurance proceeds are subject to the tax claims. No issue has been raised about the right of Metropolitan Adjustment Bureau to be paid out of the insurance proceeds.

## FACTS

*Federal Tax Liability*

Arred Electrical Contracting Corp., a company owned by Ralph Arred, withheld FICA taxes from its employees, but failed to remit them to the Government during certain periods. Under the law Mr. Arred was personally liable. In 1987 the IRS made an assessment against him for such liability in the amount of about $800,000. This assessment related to a period of time ending September 30, 1986. In 1990 the IRS made a similar assessment in the amount of about $20,000 for a period of time ending March 31, 1988.

Mr. Arred did not pay these assessments. In 1992 the IRS levied on the cash loan value of two life insurance policies belonging to Mr. Arred and recovered $25,330. By this time interest had accrued on both assessments. The total amount due on the first assessment was over $1 million and the amount on the second assessment was $24,897. The amount recovered in the levy was applied first to satisfy the $24,897 liability. The remaining $433 was applied to slightly reduce the larger liability.

There was also a problem about the personal income taxes of Mr. and Mrs. Arred. They failed to make timely payments for the years 1986 through 1989. The IRS made assessments of $41,453 for 1986, $35,575 for 1987, $13,681 for 1988, and $40,711 for 1989. These assessments were not paid at the time they were made, and interest and penalties subsequently accrued.

At some point the Arreds commenced making payments. The unpaid balance as of February 1991 was $89,130. The Arreds paid a total of $62,000 in 1991 reducing the balance to $27,130. However, according to the IRS, this balance has not been further reduced and has been increased by interest and penalties. The IRS contends that the balance as of January 1, 1993 was $37,322.

The plaintiff in this action, Mrs. Arred, disputes the latter figure. She contends that

an installment agreement was entered into in 1991, which prevented further accrual of interest and penalties. She further contends that the $25,330 received by the IRS from the levy on Mr. Arred's insurance policies was applied against the personal income tax liability of herself and her husband. Thus, it is her position that the $27,130 remaining due after the payment of $62,000 was reduced by the $25,330, leaving a balance of $1,800 with no further interest or penalties.

■ The court accepts the position of the IRS. The IRS has submitted an affidavit denying any installment agreement. Mrs. Arred has submitted no actual signed agreement or any other satisfactory evidence to support her allegation of a settlement agreement. It seems clear that the IRS did not waive any of its rights to claim full payment plus interest and penalties. Also, as to the application of the $25,330, the court finds that this amount was applied against the withholding tax liability of Mr. Arred, as described above, and not against what was due on the personal taxes.

### New York State Tax Liability

Apparently Mr. Arred was connected with a company by the name of S. Davis Corp. For a period of time ending December 31, 1986 this company withheld amounts from its employees to cover New York State income taxes. The company did not remit these amounts to the State. Under New York law, Mr. Arred was individually liable. On September 15, 1989 the State assessed the amount of $42,203 against Mr. Arred. He did not pay the assessment. As of October 31, 1992 his total liability, including interest and penalties, was $57,414.

Mr. and Mrs. Arred failed to pay their personal New York State income taxes for the years 1987, 1988 and 1989. Assessments were duly made, but were not paid. As of October 31, 1992 the total amount due, including interest and penalties, was $28,135.

For reasons which are not entirely clear, another assessment was made on October 31, 1991 pertaining to the year 1989. The assessment was for $1,773. As of October 31,

1992 the total liability on this assessment, including interest and penalties, was $2,305.

Thus as of October 31, 1992 Mr. Arred was liable for $57,414 on the withholding tax matter, and Mr. and Mrs. Arred were liable for a total of $30,440 on their personal income taxes.

### The Fire Insurance Proceeds

In 1977 Mr. and Mrs. Arred purchased a home in Yonkers, New York. They took title in the form of a tenancy by the entirety. Under New York law, this meant that any conveyance of this property was required to be made by both owners, and any levy against the property by a creditor could only be made in connection with a joint debt.

Subsequently three lots adjacent to the home were acquired and put in the name of Mr. Arred. Mrs. Arred contends that the couple intended to hold these lots as a tenancy by the entirety. However, no conveyance was ever made reflecting such an intention.

In April 1991 the home was largely destroyed by fire. Metropolitan Adjustment Bureau, the insurance adjuster for the Arreds, negotiated a settlement with the insurer, General Accident Insurance Company, for $512,143. The Arreds agreed to pay Metropolitan 5% of this recovery as compensation for its services.

The Arreds undertook to rebuild their home, and this project is substantially complete. The total cost exceeds $500,000. Thus far financing has been through loans, or credit granted by contractors.

The insurance proceeds have not been available for use. In September 1991 the IRS served two notices of levy on General Accident Insurance Company. The IRS acted on the theory that half of the insurance proceeds ($256,071) belonged to Mr. Arred and the other half belonged to Mrs. Arred. The IRS intends to apply Mr. Arred's half against his liability for the withholding taxes of Arred Electrical. The IRS intends to apply a portion of Mrs. Arred's half to satisfy the personal tax liability of Mr. and Mrs. Arred.

The IRS levies caused Mrs. Arred to file the present action. General Accident has deposited the $512,143 into the court.

## DISCUSSION

The issues about the amounts of federal and state taxes due have been resolved in the above findings of fact. Certain questions of law remain to be determined.

■ Mrs. Arred contends that the levies of the IRS are unlawful. She argues that the insurance proceeds stand in the place of the home, and that since the home was a tenancy by the entirety, the insurance proceeds have the same status. According to Mrs. Arred, this means that no part of the insurance proceeds can be used to satisfy her husband's liability for withholding taxes. She does not argue that there cannot be a levy for the joint liability of herself and her husband on their personal income taxes.

An additional contention of Mrs. Arred is that New York's homestead exemption should be applied.

As to the status of the insurance proceeds, the court does not accept Mrs. Arred's position that they stand in the place of the home and are held in a tenancy by the entirety. The court holds that the insurance proceeds are personal property and that the Arreds are tenants in common as to these funds.

In *Hawthorne v. Hawthorne*, 13 N.Y.2d 82, 242 N.Y.S.2d 50, 192 N.E.2d 20 (1963), the New York Court of Appeals held that fire insurance proceeds on real property held by the entirety could be divided at the demand of one owner—since the proceeds were personal property and did not retain the tenancy by the entirety classification of the realty. The court recognized an exception to this general rule. It stated that in certain cases "resembling 'involuntary conversion,'" money might stand in the place of the realty and have the status of tenancy by the entirety. 242 N.Y.S.2d at 51, 192 N.E.2d 20. However, this exception did not apply to insurance proceeds in that case.

If the insurance proceeds are the logical substitute of anything they are the fruit of the insurance contract and the premiums paid under it. In sum, while the *loss* was involuntary, the draft is not a substitute forced on the parties equally involuntarily; it is the product of their voluntary contractual act and is held by them in the same way as any personal property voluntarily acquired.

*Id.* at 52, 192 N.E.2d 20.

Mrs. Arred argues that the present case falls within the involuntary conversion exception in *Hawthorne* because, at the time the home was purchased, a mortgage was taken out, and the mortgage required the Arreds to maintain an insurance policy. The court disagrees. While the fire and resulting loss of the home were clearly involuntary, plaintiff had earlier made a voluntary decision to enter into the mortgage and to accept its terms, including the requirement of fire insurance. The insurance proceeds in the present case are the product of voluntary contracts within the meaning of *Hawthorne*, and are personal property capable of being divided between the two owners.

Since there is no indication that the insurance proceeds are owned in any fashion other than equal shares, the IRS was correct in treating Mr. and Mrs. Arred as each owing half, and in making one levy against Mr. Arred's half and another against Mrs. Arred's half.

■ New York State concedes that the federal tax claims have priority over the state tax claims. This means that Mr. Arred's entire one-half share of the insurance proceeds ($256,071) will be used to satisfy a portion of Mr. Arred's liability on the withholding tax matter of over $1 million. No part of Mr. Arred's share is available to satisfy his New York State liability for withholding taxes. It is proper to apply Mrs. Arred's one-half share of the insurance proceeds to the joint liability of herself and her husband for their personal federal and state taxes. This $256,071 is, of course, more than sufficient to cover the federal amount of $37,322 as of January 1, 1993 and the New York tax amount of $30,440 as of October 31, 1992.

■ In connection with the New York taxes, it is necessary to deal with Mrs. Arred's claim of homestead exemption. Mrs. Arred

refers to New York CPLR § 5206(a). The statute provides for an exemption of $10,000 in connection with the levy on a dwelling, and apparently has been interpreted to grant an exemption of $20,000 where a husband and wife are joint debtors. However, the exemption is not effective in the present case. The statute specifically states that there is no homestead exemption as to taxation or a tax assessment. Moreover, for the reasons already described, insurance proceeds are not a homestead but are personal property. It should be noted that even if the homestead exemption did apply it would probably not benefit Mrs. Arred because of the value of the property in relation to the taxes being collected. But this point need not be pursued because the exemption is not applicable.

The result of the foregoing findings of fact and legal conclusions is that the Federal Government is entitled to recover Mr. Arred's half of the insurance proceeds to be applied against his withholding tax liability; that New York State cannot obtain any of the insurance proceeds to apply against Mr. Arred's State withholding tax liability; that the Federal Government can recover whatever is now due on the personal income tax liability of Mr. and Mrs. Arred against Mrs. Arred's half of the insurance proceeds; that New York can recover whatever is now due on the Arreds' personal income tax liability from Mrs. Arred's share of the insurance proceeds.

It is conceded by all parties that Metropolitan Adjustment Bureau should be paid the 5% commission out of the insurance proceeds. This commission is $25,167 plus accrued interest. This amount will be paid out of Mrs. Arred's share.

There are no triable issues regarding any of these points. The United States, the New York Department of Taxation and Metropolitan Adjustment Bureau are entitled to summary judgment in accordance with the specific rulings of the court. Plaintiff's motion for summary judgment is denied.

As noted earlier, there is no claim by or against Dime Savings Bank, and the action is dismissed as against that bank.

The parties should settle an appropriate judgment.

SO ORDERED.