■ FRANKLIN J. MERCER, Appellant, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent. NORMA J. MERCER, Nonparty Appellant. (Action No. 1.) NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Respondent, v FRANKLIN J. MERCER et al., Appellants, CITY OF MOUNT VERNON, Respondent, et al., Defendant. (Action No. 2.) [668 NYS2d 664] —In related actions, *inter alia*, to recover the proceeds of an insurance policy, (1) Franklin J. Mercer appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered January 21, 1997, as granted the motion of the plaintiff New York Property Insurance Underwriting Association in Action No. 2, for leave to deposit into court the sum of $67,500 pursuant to a stipulation of settlement dated June 25, 1996, entered in Action No. 1, and relieved it from any further liability, (2) Norma J. Mercer appeals, as limited by her brief, from so much of an order of the same court entered March 7, 1997, in Action No. 1, as denied her motion to vacate and set aside the stipulation of settlement, and (3) Franklin J. Mercer and Norma J. Mercer appeal, as limited by their brief, from so much of an order of the same court entered March 18, 1997, in Action No. 2, which, in effect, granted the cross motion of the defendant City of Mount Vernon for summary judgment on its tax lien and for

the payment to it of the sum of $52,526.98 from the money deposited into court by the plaintiff New York Property Insurance Underwriting Association.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs to the respondents.

Franklin J. Mercer commenced an action to recover the proceeds of a fire insurance policy (Action No. 1) after an apartment building which he owned with his wife, Norma J. Mercer, as tenants in the entirety, burned down. Norma J. Mercer was not a party to the insurance policy. The insurer, New York Property Insurance Underwriting Association (hereinafter New York Property), notified the relevant taxing authority, the City of Mount Vernon (hereinafter the City), of the claim, pursuant to New York Insurance Law § 331, and was apprised that the City held a tax lien on the property. New York Property then commenced an interpleader action (Action No. 2) for payment of the proceeds of the policy into court, and to be relieved of any further liability. The underlying policy claim was settled in open court in Action No. 1 on June 25, 1996. As a provision of the settlement, Franklin J. Mercer agreed that the proceeds of the policy were to be paid to him subject to the City's tax lien. At that time Franklin J. Mercer did not contest the fact that the subject property was a multi-family dwelling which could be subject to a lien on the proceeds of a fire insurance policy, pursuant to General Municipal Law § 22 (1) (e). Subsequently, in the context of the interpleader action in which they were both named as defendants, Franklin and Norma Mercer claimed that the settlement agreement was invalid, and challenged New York Property's right to deposit the proceeds into the court. The invalidity stemmed, according to the Mercers, from the fact that Norma J. Mercer, "a 50%" owner of the insured property, was not a party to the settlement, and that her interests in Action No. 1 had not been adequately represented. The Supreme Court rejected the Mercers' claims, granted the motion of New York Property to deposit the settlement proceeds into the court, and released it from further liability. Subsequently, Norma J. Mercer moved in Action No. 1 to vacate the stipulation of settlement. The Supreme Court denied the motion on the ground that the issue had been decided in the context of the interpleader. The Supreme Court then granted a cross motion by the City in Action No. 2 for summary judgment to recover the amount of its tax lien from proceeds of the fire insurance policy which had been deposited with the court.

On appeal, Norma J. Mercer argues that the June 26, 1996,

settlement should be set aside on the ground that the subject premises was a two-family residence which was exempt from a tax lien on the proceeds of a fire insurance policy, pursuant to General Municipal Law § 22 (1) (e). She also asserts that her rights to the proceeds were adversely affected by the settlement to which she was not made a party.

The Supreme Court correctly refused to vacate and set aside the settlement. Because the action was settled and discontinued upon stipulation, Norma J. Mercer's motion was improper, as the correct procedure for challenging a stipulation in an action which has been discontinued is to commence a plenary action (*see, D'Amico v Nuzzo*, 194 AD2d 761). Any evidence that the premises was a two-family residence should have been presented before the stipulation allowing New York Property to pay the insurance proceeds into court, subject to the City tax lien, was entered into in open court. That term was part and parcel of the stipulation to which Franklin J. Mercer unconditionally agreed.

Moreover, Norma J. Mercer has no legally cognizable right to the proceeds of the insurance policy, as she was neither a party to, nor a named beneficiary of, that policy. The proceeds of a fire insurance policy belong only to the beneficiary of that policy, even where, as here, they are to be paid for the loss of real property owned as tenants by entirety. The proceeds of the policy constitute personalty, which cannot be held as tenants by the entirety (*Hawthorne v Hawthorne*, 13 NY2d 82). The focus is on the contract of insurance, rather than the rights of the parties to the property insured (*see, Krupp v Aetna Life & Cas. Co.*, 103 AD2d 252; *see also, Graziano v National Sur. Corp.*, 120 AD2d 773, citing *Harvey v Cherry*, 76 NY 436).

Accordingly, the Supreme Court properly permitted deposit of the proceeds into court pursuant to the stipulation, properly denied Norma J. Mercer's motion to set aside the stipulation of settlement, and properly granted the City's motion for summary judgment in the interpleader action. Sullivan, J. P., Pizzuto, Santucci and Florio, JJ., concur.