**In re Nadine Monds HARRIS, Debtor.**

**Bankruptcy No. 91–03320–TMM.**

United States Bankruptcy Court,
E.D. North Carolina.

March 10, 1992.

Joseph N. Calloway, Rocky Mount, N.C., for trustee.

Randy D. Doub, Greenville, N.C., for debtor.

Edward J. Harper, II, Greenville, N.C., for East Carolina Farm Credit, ACA.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

There are two matters before the court in this chapter 7 case. The first is the motion for relief from the automatic stay filed by East Carolina Farm Credit, ACA, (ECFC) on November 5, 1991. ECFC seeks to lift the stay so that it may obtain a state court determination of its lien rights in surplus foreclosure proceeds held by the Clerk of Superior Court of Pasquotank County. The second is the trustee's motion to avoid ECFC's judicial lien for impairing the debtor's exemptions, filed on November 19, 1991. A hearing was held in Wilson, North Carolina, on December 3, 1991. ECFC's motion will be denied and the trustee's granted.

### FACTS

The pertinent facts are not in dispute. On March 22, 1991, ECFC obtained a judgment against the debtor in Pitt County, North Carolina. This judgment was docketed with the Clerk of Superior Court of Pasquotank County on April 24, 1991, creating a judgment lien against the debtor's real property located in that jurisdiction. In June of 1991, the holder of a note secured by a first deed of trust foreclosed on the debtor's property. The sale satisfied the note and a surplus of $20,768.18 was paid into the Clerk of Superior Court. On July 29, 1991, prior to any disposition of the surplus fund, the debtor filed her petition for relief under Chapter 7.

The trustee filed an objection to the debtor's schedule of exemptions on September 30, 1991. In settlement of the objection the debtor assigned any rights she had to claim an interest in the surplus proceeds to the trustee.

### DISCUSSION AND CONCLUSIONS

The central issue in this dispute is whether the debtor has a property interest in surplus funds arising from a foreclosure sale. If so, then the interest becomes property of the estate upon filing of the petition and the debtor may claim exemption in it to the extent permitted by law. If the debtor does not have an interest in the surplus proceeds, then such funds are subject to the secured claims of her creditors in order of their priority and the property is not property of the estate.

 Citing *In re Foreclosure of Deed of Trust*, 303 N.C. 514, 279 S.E.2d 566 (1981), ECFC contends the debtor's property rights were cut off by the prepetition foreclosure sale and that she has no interest in the surplus proceeds. A review of *Deed of Trust* reveals that ECFC's reliance on it is misplaced. The issue in *Deed of Trust* was whether the proceeds of a foreclosure sale of real property held as tenants by the entirety remained entirety property or was converted to some other form of ownership. The general rule in North Carolina is that only real property may be held by the entirety, with the only exception being the proceeds of entirety property arising from an involuntary sale. *Deed of Trust* holds that surplus proceeds of entirety property foreclosed under a power of sale in a deed of trust are held as a tenancy in common since the sale is considered to be a voluntary transfer. *Id.* at 517, 279 S.E.2d at 569. Clearly, *Deed of Trust* stands for the proposition that the debtor has an ownership interest in foreclosure proceeds.

ECFC properly perfected its judgment lien, giving it a lien on debtors realty and its proceeds. However, ECFC could not execute on its judgment lien unless notice was served on the debtor advising her, among other things, of the right to designate exempt property. N.C.Gen.Stat. §§ 1C–1603(a)(1) and (4) (1991). After notice the debtor has twenty days to respond before a waiver of her exemption rights is deemed to have been made. § 1C–1603(a)(4). Also, in the absence of a proceeding to designate exempt property, the clerk or the district judge may determine particular property is not exempt. § 1C–1603(a)(3). There is no statutory provision excepting foreclosure sales from the requirements of § 1C–1603 cited above. Thus, the statutes of North Carolina cited above recognize that a debtor has a property interest in the surplus proceeds of fore-

closed real property. Based on *Deed of Trust* and the cited North Carolina statutes, this court finds that Ms. Harris has a legal or equitable interest in the sale proceeds and that the sales proceeds became part of her estate on the filing of her petition. 11 U.S.C. § 541(a)(1). The analysis now turns to whether the debtor's North Carolina exemption rights give her an interest in the proceeds that has priority over the judicial lien of ECFC.

■ Under 11 U.S.C. § 522(f)(1), the debtor may avoid the fixing of a judicial lien to the extent it impairs an exemption to which debtor would have been entitled. The applicable North Carolina exemption is § 1C–1601(a)(2), authorizing the debtor to claim: "an aggregate interest in any property, not to exceed Two Thousand Five Hundred Dollars ($2,500.00) in value less any amount used under subdivision (1).[1] " Under North Carolina law, the debtor would have been entitled to this exemption when she filed. The lien of ECFC is avoidable to the extent of $2,500.00.

■ Nothing indicates the debtor's right to claim an exemption in the surplus foreclosure proceeds was waived or cut off prepetition. ECFC did not take any of the steps necessary to execute on the debtor's property prior to the filing of her petition nor did the clerk or district judge determine the property is non-exempt. As a result, the debtor neither forfeited her exemptions prepetition nor were they declared inapplicable to the surplus foreclosure proceeds.

■ ECFC argues that the debtor's assignment of her exemption claims to the trustee precludes lien avoidance. However, the operative date for this lien avoidance is the date of the filing of the petition. Debtor assigned to the trustee postpetition. Therefore, ECFC's argument fails.

■ The debtor's schedules do not claim an exemption in the surplus foreclosure proceeds. However, this is not fatal to her use of 11 U.S.C. § 522(f)(1) since entitlement to avoidance arises when "such lien impairs an exemption to which the debtor *would have been entitled....*" [emphasis added]. Debtor retains the right to claim her "wild card" exemption. North Carolina has "opted out" of the federal exemption scheme; but, the North Carolina General Statutes do not establish a specific time or method for claiming an exemption in bankruptcy. Thus, the time and method for claiming exemptions is left to the Federal Rules of Bankruptcy Procedure. Fed. R.Bankr.P. 4003(a) requires the debtor to list exempt property on her schedule of assets which Fed.R.Bankr.P. 1007(c) requires must be filed either with the petition or within fifteen days thereafter. However, the debtor's failure to claim the exemptions within fifteen days of the filing of the petition does not preclude claiming the "wildcard exemption" later. Fed. R.Bankr.P. 1009(a) allows the debtor to amend the schedules at any time before the case is closed. Accordingly, it is:

ORDERED:

That the fund currently held by the Clerk of Superior Court of Pasquotank County, North Carolina, aggregating $20,768.18, together with any accrued interest thereon, constitutes property of the bankruptcy estate of Nadine Monds Harris and is subject to administration by her chapter 7 trustee in this proceeding; and it is:

FURTHER ORDERED:

That the debtor may claim a "wild card" exemption in the amount of $2,500.00 under N.C.Gen.Stat. § 1C–1601(a)(2) in the proceeds of the foreclosure sale held by the Clerk of Superior Court of Pasquotank County, North Carolina, and she shall have twenty days from the docketing of this order to amend her schedules to claim a "wild card" exemption or thereafter be BARRED; and it is

FURTHER ORDERED:

That the motion of East Carolina Farm Credit, ACA, to lift the automatic stay is

---

**1.** This so-called "wildcard exemption" has since been increased to $3,500, although not retroactively.

DENIED and the trustee shall proceed to collect and administer non-exempt assets of the estate according to the Bankruptcy Code and Rules.